UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAWRENCE CARMONA<br>18330 Brim Road, Lot 114<br>Bowling Green, Ohio 43402,<br><br>on behalf of himself and those similarly situated<br><br>      Plaintiff,<br><br>      vs.<br><br>GRAMMER, INC.<br>c/o The Corporation Trust Company, Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>And<br><br>TOLEDO MOLDING & DIE, LLC<br>c/o The Corporation Trust Company, Statutory Agent<br>4400 Easton Commons Suite125<br>Columbus, Ohio 43219<br><br>      Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Lawrence Carmona ("Plaintiff"), by and through counsel, and for his Complaint against Defendants Grammer, Inc. and Toledo Molding & Die, LLC ("Defendants"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of failing to include bonuses and/or other remuneration earned by Plaintiff and other similarly situated employees in their regular rate of pay for purposes of calculating their

overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants maintain a physical location at 515 East Gypsy Lane, Bowling Green, Ohio 43402.

5. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

6. At all times relevant herein, Plaintiff was a resident of Wood County, Ohio.

7. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

8. At all times relevant herein, Defendant Grammer, Inc. was a foreign corporation, organized and existing under the laws of the State of Minnesota, licensed to conduct business in the State of Ohio, and with its headquarters at 1429 Coining Drive, Toledo, Ohio.

9. At all times relevant herein, Defendant Toledo Molding & Die, LLC was a foreign corporation, organized and existing under the laws of the State of Delaware, licensed to conduct

business in the State of Ohio, and with its headquarters located at 1429 Coining Drive, Toledo, Ohio.

10. At all times relevant herein, Defendants were an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

11. At their various locations across the country, including in Ohio, Defendants Grammer, Inc. and/or Toledo Molding & Die, LLC manufacture and build seating systems and interior components for automobiles and trucks.

12. At their various locations across the country, including in Ohio, Defendants Grammer, Inc. and Toledo Molding & Die, LLC jointly employ manufacturing employees.

13. Defendant Grammer, Inc. and Defendant Toledo Molding & Die, LLC were a joint employer and/or single entity within the meaning of 29 U.S.C. §§ 203(r) and 207(b) as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control. Defendant Grammer, Inc. and Defendant Toledo Molding & Die, LLC perform related activities through a unified operation and common control for a common business purpose.

14. Defendant Grammer, Inc.'s website identifies Defendant Toledo Molding & Die, LLC as its locations existing in Ohio.

15. At all times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

16. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

18. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

19. Defendants Grammer, Inc. and Toledo Molding & Die, LLC manufacture and build seating systems and interior components for automobiles and trucks.

20. Defendants employed Plaintiff as a manufacturing employee in the positions of machine operator and forklift operator between September 2021 and October 2022.

21. Defendants employed other similarly situated employees as manufacturing employees.

22. Defendants classified Plaintiff and other similarly situated manufacturing employees as non-exempt employees.

23. Defendants paid Plaintiff and other similarly situated manufacturing employees an hourly wage.

24. Defendants also paid Plaintiff and other similarly situated manufacturing employees bonuses, shift premiums/differentials, and/or other remuneration.

25. Plaintiff and other similarly situated manufacturing employees frequently worked over 40 hours per week.

26. Plaintiff worked on average between 40 and 60 hours per week.

**(Failure to Include Bonuses and Other Remuneration In Overtime Calculations)**

27. Defendants paid Plaintiff and other similarly-situated employees bonuses and/or other remuneration.

28. The bonuses and/or other remuneration were paid as an incentive for hard work by Plaintiff and other similarly-situated employees.

29. Defendants failed to include the bonuses and other remuneration paid to Plaintiff and other similarly situated employees in their regular rate of pay for purposes of calculating their overtime compensation.

30. As a result of Defendants' failure to include the bonuses and/or other remuneration in the calculation of overtime compensation, Plaintiff and other similarly situated employees were denied significant amounts of overtime compensation.

**(Defendants Willfully Violated the FLSA)**

31. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

33. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All current and former manufacturing employees employed by Grammer, Inc. and/or Toledo Molding & Die, LLC in the State of Ohio who were paid any type of bonus, shift premium/differential, and or any other remuneration beyond their standard hourly rate at any time between November 23, 2019 and the present.

34. Plaintiff is unable to state at this time the exact size of the potential class, by upon information and belief, avers that is consists of at least several thousand persons.

35. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and

5

costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

36. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **CLASS ACTION ALLEGATION**

37. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All current and former manufacturing employees employed by Grammer, Inc. and/or Toledo Molding & Die, LLC in the State of Ohio who were paid any type of bonus, shift premium/differential, and or any other remuneration beyond their standard hourly rate at any time between November 23, 2019 and the present.

38. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

39. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendants failed to include bonuses, shift premiums/differentials, and/or other remuneration in the calculation of overtime compensation for its employees for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff

6

and other members of the class for Defendants' violation of R.C. §§ 4111.03 and 4111.10 and 29 C.F.R. § 778.200(a).

40. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of the other Ohio Class members.

41. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay

for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207 and 29 C.F.R. § 778.200(a).

45. Defendants' practice and policy of failing to include bonuses, shift premiums/differentials, and/or other remuneration earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the FLSA, 29 C.F.R. §§ 778.208-209.

46. Defendants' practice and policy of failing to include bonuses, shift premiums/differentials, and/or other remuneration earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. 548.502.

47. By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

48. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received overtime wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

51. Defendants' practice and policy of failing to include bonuses, shift premiums/differentials, and/or other remuneration earned by Plaintiff and other similarly-situated

employees in the calculation of their overtime compensation violated the OMFWSA, R.C. § 4111.03.

52. Defendants' practice and policy of failing to include bonuses, shift premiums/differentials, and/or other remuneration earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. 548.502.

53. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. § 4111.03.

54. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received overtime wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes he represents actual damages for unpaid wages;

D. Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the classes;

E. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Chastity L. Christy
One of the Attorneys for Plaintiff