IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Lawrence Carmona,<br>*on behalf of himself and those*<br>*similarly situated*,<br><br>                Plaintiff,<br><br>   -vs-<br><br>Grammer, Inc., et al.,<br><br>                Defendants. | Case No. 3:22 CV 2127<br><br>DISMISSAL ORDER<br><u>APPROVING SETTLEMENT</u><br><br>JUDGE JACK ZOUHARY |

The parties jointly move for court approval of Settlement and Stipulation of Dismissal With Prejudice (Doc. 12) pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"). The Joint Motion asks this Court to approve, as fair and reasonable, the settlement reached by the parties and memorialized in the Joint Stipulation of Settlement and Release (Doc. 12-1).

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Christy Declaration and related pleadings, this Court now approves the settlement along with the proposed Notice and the proposed Consent and Release Form. This Court also approves the proposed allocation and calculation of Individual Payments, and the proposed attorney fees and expense reimbursements to Class Counsel.

      1.      This case asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201–219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), on behalf of non-exempt manufacturing employees employed by Grammer, Inc. and/or Toledo Molding & Die, LLC in the State of Ohio who were paid any type of bonus or any other remuneration beyond the standard hourly rate.

2. On November 23, 2022, this "collective action" and "class action" was filed by Representative Plaintiff Lawrence Carmona (Doc. 1) alleging Defendants failed to include all remuneration earned by Plaintiff and other similarly situated employees in their regular rates of pay for purposes of calculating their overtime compensation, in violation of the FLSA and the OMFWSA.

3. Between January 2023 and September 2023, the parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendants' defenses; including the calculations of alleged overtime damages.

4. Between December 2022 and the present, the parties engaged in extensive legal discussion and correspondence. Between August 24, 2023 and September 25, 2023, the parties engaged in extensive settlement negotiations.

5. The parties were scheduled to attend a mediation with Magistrate Judge Darrell Clay on September 14, 2023. The mediation was cancelled after the parties agreed to the monetary aspect of the settlement on September 11, 2023, but were still in the process of negotiating some non-monetary terms.

6. On September 25, 2023, the parties reached an agreement to settle this case on the terms set forth in the Settlement (Doc. 12-1). The Settlement will cover Representative Plaintiff and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement (Doc. 12-1 at 12–43) who elect to sign and return the Consent and Release Forms (Doc. 12-2).

7. To receive an Individual Payment, the Eligible Settlement Participants must sign and return the Consent and Release Form (Doc. 12-2 at 3). The Eligible Settlement Participants may return Consent and Release Forms to Class Counsel within forty-five (45) days after the mailing of

the Notice (Doc. 12-2 at 1–2). The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Class Counsel within the forty-five (45) day period to be timely.

8. The Settlement provides that, in consideration of the Individual Payments to the Eligible Settlement Participants, the claims of the Representative Plaintiff and Eligible Settlement Participants who elect to participate in the Settlement by signing and returning Consent and Release Forms and filing such forms with this Court ("Opt-In Party Plaintiffs"), this case is dismissed with prejudice.

9. This Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). This Court further finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation, and with the assistance of this Court. Class Counsel has informed this Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and Eligible Settlement Participants. This Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

10. This Court approves the Agreement and its Exhibits, including the proposed Notice and the proposed Consent Form, and orders that the Settlement be implemented according to the terms and conditions of the Agreement. This Court grants final approval of the Settlement as to the Representative Plaintiff and all Eligible Settlement Participants who elect to participate in the Settlement by signing and returning a Consent and Release Form.

11. This Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable, and approves the method of calculation and proposed distribution of the Individual Payments, as well as the amounts. This Court also approves the payment of attorney fees and expense reimbursements to Class Counsel as provided in the Settlement.

12. This Court dismisses the claims of the Representative Plaintiff and Opt-In Party Plaintiffs with prejudice, and enters this final judgment of dismissal. This Court retains jurisdiction to enforce all the terms of the Settlement.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                October 31, 2023